2012-13-19 SPEEDTRACK v. WAL-MART STORES 2012-13-19 SPEEDTRACK v. WAL-MART STORES 2012-13-19 SPEEDTRACK v. WAL-MART STORES 2012-13-19 SPEEDTRACK v. WAL-MART STORES 2012-13-19 SPEEDTRACK v. WAL-MART STORES 2012-13-19 SPEEDTRACK v. WAL-MART STORES 2012-13-19 SPEEDTRACK v. WAL-MART STORES Original claim construction brief before the court, I believe in November of 1997. I'm sorry, 2007. At appendix, I think it's at 441. Where do we find it? In the paragraph beginning of line 5-11. This is when we're talking about category description. The parties agree that a category description is something that includes a name that is descriptive of a stored file. Every independent claim in the 360 patent requires that the category descriptions comprise at least a descriptive category name. Several dependent claims require that the category descriptions include other information in addition to a descriptive name. So the phrase category description has to be a genus, sufficiently broad, to cover the species of a word name and what is independent. Put right in the next line, they say, a descriptive name and then they highlight and a category identifier. And claim 2 talks about, in claim 2, dependent claim 2, where in each category description comprises a user defined category name and a user defined category identifier. What occurs when you read this patent? Well, where does that say that a name is a number? What it says throughout the patent is that the number uniquely identifies the name and what occurs in this patent throughout is repeated references in the patent that the identifier means the same thing. I'm not understanding what you're saying. You've got a method. This is a method patent that talks about, that has basically three steps. It's the creation of a category description table. But did you just say that the name and the category identifier are the same thing? They mean the same thing. Everyone understood that to begin with. They mean the same thing in the sense that, you know, if I say in a cipher, A is equal to the number 12, every time you see the number 12, it's referring to A. Correct. That's what you mean. Correct. But what happens is that this... But there are clearly two distinct things, as you point out, by claim number 2, right? Because if there is a name, then there is an identifier. They're not interchangeable, meaning if a claim requires the name, you can't say, aha, they infringe because they have the identifier. Well, when... You mean... I mean what happens, a name, a name is an appellation. A name is an association with something. Just like the name Rose can name a flower or it can name a person by the name of Rose. Rose by any other name. Correct. A computer, if a computer correlates a numeric number with a word descriptive name, that name, that identifier is the name to the computer. And that's how the parties understood this. You know, that makes no sense, because in your patents throughout, when you talk about identifiers, you give examples of numbers and you talk about categorical description or names, you're giving alphabetical names throughout the patents. And then in the claim itself, you claim limitation A says, category description comprising a descriptive name. Okay, you're right, it can have other stuff. A category description can be things in addition to the name, but as you pointed out from page J841, it has to at a minimum... At A40447, also with respect to their brief. Am I misunderstanding something? What am I getting wrong? Don't you have to have a name in a category description? You have to have a name in a category description in the category description table. In the category description table, which interacts with a human being, it says a category description including a name. There's a phrase in that first step that does not exist in the FID in the second step. You have to have, what do you mean it doesn't exist in the FID in the second step? The element, there are two tables for you to become one, correct? There is the category description table in part A. Correct, and there is the FID in part B. And if you look at A, initially creating in the computer system a category description table containing a plurality of category descriptions, each category description comprising a descriptive name. So the name appears in that phrase that does not exist in step 1B. Okay, what has happened is the court... But look at 1B, each entry comprising at least a unique file identifier for the corresponding file and a set of category descriptions. Now you have in multiple places, including the immediately preceding element, said a category description must comprise a descriptive name. So how can you say the FID isn't required to have a name when the claim says and a set of category descriptions? Because what we've done, if you look at 1A, it says each category description comprising a descriptive name. And before it says a plurality of category descriptions. But each one has to have a name. Each one has to have a name in the category description table. In other words, category description in your view has a different meaning in A and B? No, category description in my view has the meaning that the court attributed to it, which all the parties understood to include both category description names and category description identifiers. Counsel, in A it says each category description comprising a descriptive name. I don't see how you can run away from that absolutely clear language. That is not a reference to the table, it's a reference to the category description. That same language does not appear in B. No, Part A defines what a category description has to have, and then Part B says you've got to have a category description in FID. The Claim 5, the preferred embodiment, Claim 5 specifically discusses the fact that if you go through all these issues that the FID does not include a name. What's used is the identifier. I've not been able to understand your argument about Claim 5. You keep saying it's clear, but I don't find it clear. If you go to Claim 5, Claim 5 says, a method for accessing files in accordance with the Claim 4, wherein the step of creating a file information directory comprised of the steps of, and then if you look at 5, Element 5, where 4 is creating a new entry in the information directory and 5 is storing in the new entry the file identifier of the selected file. So specifically, and then 6, storing in the new entry the category description identifier of each of the selected category descriptions. That is in Figure 4, if you go back and look at Figure 4, which is a depiction of the file information directory. On the right hand side, it's just the numbers. It's not also the names. Your Honor, that same element with respect to original Claim 7 was not changed with respect to that. In connection with that, the only thing that the element did was describe, to avoid the Schwartz reference, was to indicate that this wasn't just a category, it was a descriptive category. Didn't the narrowing amendment exclude Figure 4, though? We don't believe so, Your Honor. You're getting into your rebuttal time. Thank you. Mr. Bauer. Thank you, Your Honor. May it please the Court. Let me go right to the amendment and the question. That amendment, which took place two years after the original case, did exclude Claim 4. And it's very clear, and our brief may not have cited to all the pages, so I'm going to ask Your Honor if you've got a chance. It's Appendix 4410 through 4420. They're all in the appendix. 4410 through 4420, which is the office action. And where counsel just said that the element B wasn't amended, it was. Element B was amended on 4410. On 4410, element B was amended to include category descriptions. Element A was amended to say each category description comprising a descriptive name. The argument's not just over name. The argument is descriptive name, whether the name needs to be descriptive. But, Your Honors, when you look at page 4419, well, two places in this prosecution, 4417, under the invention, the first paragraph, they say, as clear as can be, category descriptions are descriptive names defined by users. Are. And when they talk about excluding Figure 4 on page 4419, they provide the alternative. This isn't a case where the claim was amended to exclude the only where it was amended to exclude one embodiment. And on 4419, in the middle of the page, they have that file information directory, the alternative. For example, an entry in the file information directory, FID structure, of the present invention might be, and there's that directory, and now it has category descriptions and its descriptive names. So, this patent had at least two embodiments. Figure 4 was one. The patent was clear, couldn't be clearer in column 5, where it says, column 5, at line 18, the invention could be implemented without using identifiers. It has to have a descriptive name. It can't be implemented. That's the whole point of this invention, is a mnemonic for the home user to come up with a descriptive name. So, the amendment did exclude Claim 4. It's an embodiment still in the case, so we don't need to get to the issue of Vitronics and when you exclude the only thing. Vitronics also, there was no amendment. It was going back to the original patent. Here you have an amendment excluding one embodiment and the other, and it was intentional. If you look at that 4419 and 4420, it's getting around a Cochran reference, which had numbers instead of names. The other thing which wasn't addressed, this was a claim construction provided by SpeedTrack. It was their claim construction, and the law is pretty clear that they shouldn't be providing a claim construction, and then, at the end of the day, come along and say, you know what, we just lost on this case, we no longer like it. The judge didn't narrow this claim construction. When you read the judge's decision, she said, I had supplemental briefing, because the parties have raised this new issue. And she had supplemental briefing, and in her decision, she says, looking at it, I don't need to change the claim construction. Well, you said she didn't narrow it. She limited it to alphabetic. But wouldn't you agree it doesn't have to be alphabetic? I mean, it can be alphanumeric. And, Your Honor, we say that in our brief. She didn't say that in her claim construction. She did narrow it. But this is one of those things, if you read it in the context, she's talking about words, as opposed to random, arbitrary numbers. And we put in our brief, alphanumeric is the same thing. A descriptive name, for example, if it was the year 1776, it could have been, that's a descriptive name. And that would have been no problem. That's right, so it isn't about the alphabet, and that's why I keep coming back, it's a descriptive name, as opposed to a random number. She used the word alphabetic, it could have been alphanumeric. And it has to be chosen by the user, not randomly selected by the computer. That's absolutely right, Your Honor, and that's what the patent says. Category names, column 5, line 10. Each category description is a descriptive name defined by the user. There appear to be two cases still that hinge on this, is that right? It was stated in the certificate of interest. There's other cases that have been stated pending this. They've sued, so this case began, they sued Walmart, which was an INDECA customer. Is it on the same issue? Do those cases likewise turn on whether or not, are those accused of... Well, I can answer to some of them, okay? So they sued Walmart, which was an INDECA customer, and that's this case. Afterwards, they sued a number of other INDECA customers, that's the second case, they're all INDECA customers. That case was stayed. Even though INDECA had appeared here, they decided there was some tactical reason to go sue the customers. That case was stayed as soon as the complaint was filed. We haven't gotten into the discovery. If it's INDECA, it doesn't infringe, I believe that's right. The third case was against INDECA customers and others. That case, again, was stayed on the complaint, so nobody's gone beyond that. To the extent there's INDECA customers in there, that will be resolved here, but then there's other third parties, I think Amazon might be in that case, and I have no idea where they get their stuff from. But the claim construction here is the claim construction. So she didn't narrow it, though, so she adopts their claim construction. And then after she says, I adopt it without amendment, she says, now I have to understand what is a name. What is a descriptive name? And then she talks about what a descriptive name is. I would say, Your Honors, that that's not narrowing it. What they asked, remember, they asked her to broaden it. They asked her to take the word name out of the claim, which they had proposed originally. And she refused to broaden it. Now, if refusing to broadening it is narrowing it, I guess it's all semantics. But she took their definition, descriptive name, said descriptive name needs to be a word, it needs to have a descriptive meaning, and then you always have to apply your construction in interpreting it. She applied that construction. There is no question of fact that these numbers are not descriptive names. They don't point to any evidence. So we have a claim construction that they provided. The court adopted it. On second review, confirmed it. Interpreted descriptive name to mean a word that has descriptive meaning. And there's not a reference, as Your Honors noted, not one reference in this entire patent to a category description, the descriptive name, category description being a number. They are two different things. The claims tell you that. The specification tells you that. Your Honor had asked the words about the cipher. The patent talks about associating. That's the way they equate them. One time they use associate and another time they talk about correspond. But they are not the same thing. The patent can't be any clearer. The claim tells you they are two separate things. So Your Honor, I think that addresses the claim construction and they didn't raise the other issues. I do just want to mention in terms of inconsistent positions, Rule 8 allows you to take inconsistent positions in a case. It's a traditional estoppel only when the court rules and we never got there. I just want one comment on the Cross Bill. If you want to brief a Cross Bill, you've got to tell us why it's anticipated. You can't just say that the court made a mistake. I'm sorry, Your Honor. Let me just address that. It's only if you're vacating and we go back that we need to deal with that. And the reason, the issue is the judge, there was clearly questions of fact. Our experts said one, their experts said the other. The judge required a statement that the patent office got it wrong. I understand, but I think you risked waiver by not briefing it more fully than you did. Okay. Thank you, Your Honor. Your Honor, I'd like to get where counsel took you to the 4419 of the appendix, making the argument as to how this demonstrates that the Claim 5, or rather the Figure 4 is that structure he indicated with the language. This, it states, quote, in the middle of the page, in contrast, the present bench allows a term like French to be defined as a category description and then that category description can be directly associated with any file to mean anything that makes sense to the user. For example, an entry in the file information directory structure of the present invention, and this is what's important, might be. So this block that he showed you with the language is if in the FID they are using an embodiment different than Claim 5 and using the language of the words in the FID, under Claim 5 it wouldn't look like this. Claim 5 would just have the identifiers in the FID, and that is exactly what Claim 5 indicates, which is dependent from Claim 1, must be narrower, and the only way in light of Claim 2, which is part of Claim 5, because it depends from that as well, is where you can have the category description in the FID is if category description is construed to include both category description word names and category description numeric names understandable to a computer. We're talking about it is correct that names are indispensable to this invention in step 1A of the method where the human being is interacting with the system to select a category description. Once the computer starts doing its work, computers don't use words, computers use charges of energy and numbers, and that's exactly what's contemplated here, and what occurred in Claim 5 is precisely that circumstance, and all parties understood, including the defendants, that original construction that used the word names meant to include numeric names understandable to a computer that had a direct one-to-one correlation with those descriptive names. They based their re-examination proceeding on that very argument. They claimed that Kleinberger that shows numbers that correspond to word descriptions... But they lost. That was their argument, they lost, but... You can't fault them for taking a different position in court when the argument they took below was struck down. Two different things. They lost not because of that argument. That doesn't make any difference whether they lost because of the argument, they lost, and whatever representations you made, it's only binding on you if you win, if you prevail in convincing the court or other body to adopt your position. Yeah, I think you don't have to win the ultimate issue for judicial estoppel under state of New Hampshire. If you look at that second element, it's just whether or not you take the first element, taking completely inconsistent positions, and then it would appear that you're playing fast and loose and misleading, and the point is there was no alternative argument here. They argued in their brief that this was Speed Track's position, that they were alternatively arguing, and in their re-examination document they represent that it was the court that they're taking... I can get you to the request at A3905. For the purpose of this request, the requester will construe all claim language in the same manner as adopted by the court in the Speed Track litigation, so when they told that patent examiner, re-examination patent examiner, that the Kleinberger reference included numeric numbers that corresponded to those things, and that satisfied the category description in the FID of that claim, that they were applying what everyone understood to be the judge's construction.